UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEI GAO, WEN TAO LIU, and SHUAI SUN, on behalf of themselves and all others similarly situated,

                Plaintiffs,

- against -

KERRY NAILS SALON CORPORATION, d/b/a Kerry Nail Spa, XUE GOU, and TIE MING XU,

                Defendants.

**ORDER**

18 Civ. 10448 (PGG) (KHP)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiffs Lei Gao, Wen Tao Liu, and Shuai Sun allege that Defendants Kerry Nails Salon Corporation, d/b/a Kerry Nail Spa, Xue Gou, and Tie Ming Xu (collectively, the "Defendants") have violated various wage and overtime laws, including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (See, e.g., Am. Cmplt. (Dkt. No. 36) ¶¶ 1-4, 7-22, 95-104)[1]

      On May 1, 2020, Defendants moved for summary judgment on the issue of whether they are subject to the FLSA. (See generally Def. Mot. (Dkt. No. 50)) Defendants contend that they are not subject to the FLSA because (1) "Kerry Nails is a nail salon that provided . . . services to local customers[,] . . . had no employees engaged in commerce or in the productions of goods for commerce[,] and had no employees handling, selling, or otherwise working on goods or materials that [have] been moved in commerce" (id. ¶ 15); and (2) Kerry

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

Nails's gross annual sales are less than the statutory threshold of $500,000.  (See, e.g., id. ¶¶ 8, 11-12, 16, 19-20)

On May 4, 2020, this Court referred Defendants' motion to Magistrate Judge Katharine H. Parker for a Report and Recommendation ("R&R").  (Dkt. No. 51)  On September 22, 2020, Judge Parker issued a thirteen-page R&R recommending that Defendants' motion for summary judgment be denied.  (Dkt. No. 61)  No objections have been filed to the R&R.

For the reasons stated below, this Court will adopt Judge Parker's R&R in its entirety, and Defendants' motion for summary judgment will be denied.

## BACKGROUND

Plaintiff Gao worked for Kerry Nails – as a nail technician – for part of 2016, all of 2017, and part of 2018.  (Def. R. 56.1 Stmt. (Dkt. No. 50-1) ¶ 3.a.-b.)[2]  Plaintiff Liu worked for Kerry Nails – as a manicure and pedicure assistant – "during" 2017 and part of 2018.  (Id. ¶ 3.c.; see id. ¶ 3.d.)  Plaintiff Sun worked for Kerry Nails – as a nail technician – from April 30, 2017 to May 5, 2018.  (Sun Aff. (Dkt. No. 55) ¶ 4)

Relying on unsigned tax returns and an affidavit from their accountant, Defendants claim that Kerry Nails's gross annual revenue was: (1) $356,004 in the 2016 fiscal year; (2) $406,765 in the 2017 fiscal year; and (3) $212,883 in the 2018 fiscal year.  (Def. R. 56.1 Stmt. (Dkt. No. 50-1) ¶ 3.g.-i.; see also Def. Mot., Ex. E (Dkt. No. 50-6) (unsigned U.S.

---

[2]  To the extent that this Court relies on facts drawn from Defendants' Local Rule 56.1 statement, it does so because Plaintiffs have either not disputed those facts or have not done so with citations to admissible evidence.  See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)); see also Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001) (explaining that courts must draw all rational factual inferences in a non-movant's favor in deciding summary judgment motions).  Unless otherwise indicated, the facts cited by the Court are undisputed.

Corporation Income Tax Returns, Form 1120s); Jiang Aff. (Dkt. No. 50-7) (affidavit of Liang Jiang, Defendants' accountant))

Plaintiffs Gao and Sun have submitted affidavits in opposition to Defendants' summary judgment motion. (Gao Aff. (Dkt. No. 54); Sun Aff. (Dkt. No. 55))  In their affidavits, Gao and Sun estimate the days per week they worked, the hours they worked, the number of customers they served per shift, the average revenue they received per customer, and the typical number of employees at the salon on a given day (noting that more employees worked at the salon on weekends).  (Id.)  They also provide their fixed daily pay rates.  (Id.)  Plaintiffs have also submitted Defendants' handwritten payroll records.  (Qu Aff. (Dkt. No. 56); Qu Aff., Ex. 1 (Dkt. No. 56-1))  Based on their affidavits and Defendants' payroll records, Plaintiffs dispute the accuracy of Defendants' unsigned tax returns and their assertion that Kerry Nails's annual revenues do not exceed $500,000.[3]

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[3] For example, Plaintiffs note that the payroll records for the period between June 5, 2017 and May 27, 2018 indicate that Defendants paid out salary and wages of $233,242.00 (Qu Aff. (Dkt. No. 56) ¶ 5), while the tax return for the same period shows salary and wages of $70,264. (Def. Mot., Ex. E (Dkt. No. 50-6) at 7, line 13)  And in her affidavit, Plaintiff Gao asserts that the salon generated revenue of approximately $655,200 per year, based on the following facts:  (1) the nail salon was open seven days a week; (2) each of the seven workers served ten clients per shift; and (3) the average revenue per customer was $30.00.  Assuming the accuracy of these numbers, and a six-day work week, each employee generated revenue of $1800 per week.  Applying these numbers to a 52-week year, each employee generated $93,600 for the salon per year.  Given that the salon employed seven employees, the total revenue per year was approximately $655,200. (Gao Aff. (Dkt. No. 54) ¶¶ 15, 6, 11, 13, 14, 17)

3

magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "When no objections are filed to an R&R, a district court need only satisfy itself that there is no 'clear error on the face of the record'" that precludes acceptance of the recommendations.  Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

### B. Summary Judgment

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that that party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor."  Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citation omitted). "'[W]here the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim.'"  Lesavoy v. Lane, No. 02 Civ. 10162, 2008 WL 2704393, at *7 (S.D.N.Y. July 10, 2008) (quoting Bay v. Times Mirror Mags., Inc., 936 F.2d 112, 116 (2d Cir. 1991)).

In deciding a summary judgment motion, the Court "'resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'"  Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (citation omitted).  However, a "'party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. . . . [M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist.'" Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).  "'Assessments of credibility and choices between conflicting versions of the events are

4

matters for the jury, not for the court on summary judgment.'" Eviner v. Eng, No. 13-CV-6940-ERK, 2015 WL 4600541, at *6 (E.D.N.Y. July 29, 2015) (quoting Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996)).

## II. ANALYSIS

As noted above, Defendants contend that they are entitled to summary judgment on Plaintiffs' FLSA claims because (1) Kerry Nails had no employees handling goods that moved in interstate commerce; and (2) Kerry Nails's annual revenue does not meet the statutory threshold of $500,000. (See, e.g., Def. Mot. (Dkt. No. 50) ¶¶ 11-12, 15-16)

"The FLSA's minimum wage and overtime provisions apply if an employee either [1] 'is engaged in commerce or in the production of goods for commerce,' or [2] 'is employed in an enterprise engaged in commerce or in the production of goods for commerce.'" Hernandez v. Jrpac Inc., No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *20 (S.D.N.Y. June 9, 2016) (quoting 29 U.S.C. § 206(a), 207(a)(1)).

Here, Plaintiffs contend that FLSA coverage exists under the second category – enterprise coverage. (See, e.g., Pltf. Br. (Dkt. No. 57) at 7-9) "An 'enterprise engaged in commerce' is an enterprise that (1) 'has employees handling, selling, or otherwise working on goods or materials that have moved in or [are] produced for commerce' and (2) 'whose annual gross volume of sales made or business done is not less than $500,000.'" Hernandez, 2016 WL 3248493, at *20 (quoting 29 U.S.C. § 203(s)(1)).

As Judge Parker notes, the first prong of the enterprise coverage test is "quite easy to meet[.]" (R&R (Dkt. No. 61) at 7 (citing cases); see also, e.g., Jacobs v. N.Y. Foundling Hosp., 577 F.3d 93, 99 n.7 (2d Cir. 2009) (per curiam) (noting that the first prong of the enterprise coverage test "is rarely difficult to establish"); Archie v. Grand Cent. P'ship, Inc., 997

5

F. Supp. 504, 530 (S.D.N.Y. 1998) (finding that items such as bags, brooms, and shovels "undoubtedly moved in interstate commerce to New York City"). And as Judge Parker further notes, "[t]here is no reason why the materials nail salon employees handle, such as nail polish and nail polish remover, should be viewed any differently than [the] cleaning supplies for a janitor or sanitation supplies" at issue in Archie. (R&R (Dkt. No. 61) at 7) The Court concludes that the nail salon's employees handle and work with products – such as nail polish and nail polish remover – that have traveled in interstate commerce.

As to the $500,000 threshold, Defendants rely on unsigned tax forms in arguing that the statutory threshold is not met. (Id. at 8 (citing Def. Mot., Ex. E (Dkt. No. 50-6))) However, as Judge Parker notes, even once executed, "[t]ax forms . . . are not presumptively reliable or authentic, and may be shown to be incredible or unreliable by a plaintiff." (Id. (citing Shen v. John Doe Corp., No. 16 Civ. 2015 (GBD) (JCF), 2016 WL 7217850, at *3-4 (S.D.N.Y. Dec. 13, 2016), report and recommendation adopted, No. 16 Civ. 2015 (GBD) (JCF), 2017 WL 111746 (S.D.N.Y. Jan. 11, 2017))) That rule applies a fortiori where the tax forms on which a defendant relies are, as here, unsigned. The affidavit from the Defendants' accountant (Jiang Aff. (Dkt. No. 50-7)) does not cure the defect. As an initial matter, the accountant has no personal knowledge of the nail salon's revenue. Moreover – even if the accountant had personal knowledge of the nail salon's revenue – Plaintiffs have submitted affidavits and payroll records that create a material issue of fact as to the accuracy of the 2017 tax form and the nail salon's revenue. (R&R (Dkt. No. 61) at 8-11; see also Shen, 2016 WL 7217850, at *3) To the extent that the Gou affidavit submitted by Defendants creates a factual dispute, this Court cannot resolve that dispute on a motion for summary judgment. (R&R (Dkt. No. 61) at 11; see also Eviner, 2015 WL 4600541, at *6)

6

To survive summary judgment, a plaintiff "need not prove" that a defendant "had [a] gross income of more than $500,000; that would be their burden at trial." Monterossa v. Martinez Rest. Corp., No. 11 Civ. 3689 JMF, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012). Instead, a plaintiff "need only show that there is a material dispute of fact regarding the issue." Id. at *3; see also Velez v. Vassallo, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002) ("[T]he question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than the Court's subject matter jurisdiction."). For the reasons explained by Judge Parker, Plaintiffs easily meet that standard here.

## CONCLUSION

For the reasons stated above, Judge Parker's R&R is adopted in its entirety. Defendants' motion for summary judgment (Dkt. No. 50) is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 50).

This matter will proceed to trial on **October 18, 2021**. The **joint pretrial order**, motions in limine, requested voir dire, and requests to charge are due on **September 20, 2021**. Responsive papers are due **October 4, 2021**. The parties are directed to consult this Court's Individual Rules as to the contents of these materials.

Dated: New York, New York
       February 20, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge